UNITED STATES  DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

UNITED STATES OF AMERICA          CRIMINAL ACTION NO. 06-30039-05

VERSUS                                             JUDGE ROBERT G. JAMES

AHMED ALI NAGI                             MAG. JUDGE KAREN L. HAYES

MEMORANDUM RULING

Pending before the Court is Defendant Ahmed Ali Nagi's ("Nagi") Motion to Sever [Doc. No. 98].  Nagi claims that he is entitled to severance pursuant to Federal Rule of Criminal Procedure 8(b) because he was improperly joined as a defendant in this case.  Nagi also claims that he is entitled to severance pursuant to Federal Rule of Criminal Procedure 14 because a joint trial would be prejudicial and prevent the jury from making a reliable judgment about his guilt or innocence.  The Government filed responses [Doc. Nos. 111 & 118].

For the following reasons, Nagi's Motion to Sever is DENIED.

I.      LAW AND ANALYSIS

A.      Misjoinder

Nagi claims that he is entitled to severance because he was improperly joined as a defendant.  Nagi was indicted along with 17 other individuals for conspiring to sell counterfeit goods.  Nagi argues that the Indictment does not allege that he personally attempted to sell counterfeit goods, and, instead, the Indictment simply alleges that Nagi had a business

1

relationship with several Defendants.[1]

The Government responds that Nagi is properly charged and joined as a defendant as a member of a conspiracy.  While the Indictment does not allege that Nagi personally sold any counterfeit goods, the Government contends that a conspirator need not actually perform any overt act in furtherance of a conspiracy to be charged as a conspirator.

"Rule 8(b) of the Federal Rules of Criminal Procedure allows for joinder of defendants in a single indictment 'if they are alleged to have participated. . . in the same series of acts or transactions constituting an offense or offenses.'"  United States v. Valdez, 453 F.3d 252, 261 (5th Cir. 2006) (quoting Fed. R. Crim. P. 8(b)).  "The propriety of joinder will often be assessed by looking to the allegations contained in the indictment."  United States v. Tarango, No. 03-50810, 2005 U.S. App. LEXIS 2170, at *13 (5th Cir. Feb. 9, 2005) (citing United States v. Chagra, 754 F.2d 1186, 1188 (5th Cir. 1985)).  "As a general rule, persons indicted together should be tried together, especially in conspiracy cases."  Valdez, 453 F.3d at 261 (internal citations omitted).  "Simply because the indictment does not charge each defendant with active participation in each phase of the conspiracy does not constitute misjoinder."  United States v. Moser, 123 F.3d 813, 827 (5th Cir. 1997) (internal citations omitted).

To charge an individual for conspiracy under 18 U.S.C. § 371, the Government need only allege that Nagi agreed to pursue an unlawful objective and "that one of the members of

---

[1]Nagi also argues that Count 35 of the Indictment, which alleges that Defendant Consuelo Sanchez ("Sanchez") used a false social security number, has no relation to the allegations against him.  After Nagi's Motion to Sever was filed, the Government agreed to try Sanchez separately for Count 35 [Doc. No. 118]; therefore, this basis for severance is moot.

the conspiracy performed an overt act to further the conspiracy." United States v. Mann, 161

F.3d 840, 847 (5th Cir. 1998) (quoting United States v. Faulkner, 17 F.3d 745, 768 (5th Cir.

1994)).  The Indictment alleges that Nagi and other Defendants agreed to sell counterfeit goods

(Counts 1-21) and launder money (Counts 22-34); Nagi, through his brother, signed a

management agreement related to the convenience stores in question; and a number of

Defendants personally sold counterfeit goods and cashed checks.  Therefore, Nagi was properly

joined in this Indictment as a participant in a conspiracy involving a common series of criminal

acts.  See Valdez, 453 F.3d at 261.

Accordingly, the Court finds that Nagi was properly joined as a defendant, and his

Motion to Sever on this basis is DENIED.

### B.      Prejudice

Nagi claims that he is entitled to severance because a joint trial would be prejudicial and

prevent the jury from making a reliable judgment about his guilt or innocence.  Nagi makes

several arguments: the defenses offered by Defendants are antagonistic; there is a disparate

quantitative and qualitative amount of evidence against him compared to his co-defendants; the

Government seeks to offer inadmissible evidence (as it pertains to him) against a co-defendant;

the jurors might confuse Defendants' identities as several Defendants have similar names[2]; and

jurors influenced by the events of September 11, 2001, might be prejudiced against Defendants

with Arabic names.

---

[2]For example, three Defendants have "Ahmed" in their names.

3

The Government responds that, since Nagi is properly joined as a defendant, there is a strong presumption in favor of a joint trial.  Nagi has not shown that he has a mutually exclusive defense with any Defendant, that jurors will be unable to distinguish Defendants, or that prospective jurors may be prejudiced against persons of Arabic descent.  Nagi's argument that the evidence against him is de minimis compared to his co-defendants is not a basis for severance, especially when the Court can issue a limiting instruction cautioning the jury to consider the evidence against each Defendant separately.  Further, Nagi's assertion that inadmissible evidence will be offered by the Government is premature as Sanchez's Motion to Suppress [Doc. No. 83] her statement is pending before Magistrate Judge Karen L. Hayes.

"If a proper initial determination has been made regarding the propriety of joining defendants, severance is warranted only 'if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'"  Tarango, 2005 U.S. App. LEXIS 2170, at *14 (quoting Zafiro v. United States, 506 U.S. 534, 539 (1993)); see also Fed. R. Cr. P. 14 (allowing severance of properly joined defendants on a showing of prejudice to a defendant or the government).  "A defendant is not entitled to severance just because it would increase his chance of acquittal or because evidence is introduced that is admissible against certain defendants."  Burton v. United States, 237 F.3d 490, 495 (5th Cir. 2000).  "[E]ven where defendants have markedly different degrees of culpability, severance is not always required if less drastic measures, such as limiting instructions will suffice to cure the prejudice."  Id.  A limiting instruction cautioning the jurors to consider the evidence against each defendant

separately "can decrease the possibility that the jury will improperly transfer proof of guilt from one defendant to another."  United States v. Richards, 204 F.3d 177, 194 (5th Cir. 2000) (internal quotations omitted).

Nagi has not shown that there is a serious risk warranting severance.  First, "[s]everance is not automatically required merely because co-defendants present mutually antagonistic defenses."  Id. (internal quotations omitted).  Nagi argues that the defenses are "partly antagonistic" because each Defendant will allege that s/he did not personally sell counterfeit goods or cash checks. [Doc. No. 98, ¶ 4].  However, as explained earlier, the jury does not have to find that Nagi personally committed an overt act; therefore, Nagi's theory of defense, even if accepted by the jury, is not irreconcilable with his co-defendants.  Id. at 195 ("Defenses are antagonistic if they are 'mutually exclusive or irreconcilable, that is, if the core of one defendant's defense is contradicted by that of a codefendant.'") (internal quotations omitted).

Second, "disparity of evidence in a trial involving multiple defendants does not in and of itself constitute prejudice," and Nagi fails to present additional indicia of prejudice.  Cf. Tarango, 2005 U.S. App. LEXIS 2170, at *20 (The Fifth Circuit upheld the district court's decision to grant a new trial where a co-defendant was tried in abstentia, a disproportionate number of witnesses testified against the missing co-defendant, the jury was permitted to hear a significant amount of inadmissible evidence (as it pertained to the present defendant), and there was little evidence against the present defendant.).

Third, Nagi contends that the Government plans to introduce inadmissible evidence, but has not elaborated on the content or nature of Sanchez's statement.  Therefore, this does not

5

constitute a grounds for severance at this time; however, Nagi is afforded the right to re-urge his Motion to Sever on this basis following Magistrate Judge Hayes' ruling on Sanchez's Motion to Suppress.  Further, "[s]everance is not required merely because the government introduced evidence admissible against certain defendants."  United States v. Moser, 123 F.3d 813, 829 (5th Cir. 1997).

Fourth, although several Defendants have similar and/or unfamiliar names, the Court will lessen the risk of confusion by providing the jury with photographs of Defendants and/or a seating chart to enable the jurors to keep the defendants separate in their minds.  See United States v. Posada-Rios, 158 F.3d 832, 863 (5th Cir. 1998) (citing United States v. Ellender, 947 F.2d 748, 755 (5th Cir. 1991)).

Finally, Nagi has presented no evidence of individual juror bias against persons of Arabic descent nor articulated why a separate trial would minimize such bias.  See United States v. Greer, 939 F.2d 1076, 1084 (5th Cir. 1991) (Where there was no evidence of individual juror bias, the district court properly refused to exclude all minority jurors on the basis of the defendants' white supremacist beliefs.).  The Court's general voir dire questions require jurors to reveal any bias or prejudice which would affect their ability to serve as jurors.  Nagi is, of course, also free to submit fact-specific voir dire questions to determine whether any jurors are biased against persons of Arabic descent.

Accordingly, the Court finds that Nagi has not demonstrated that he would be prejudiced by a joint trial, and his Motion to Sever on this basis is DENIED.

**II.     CONCLUSION**

For the reasons set forth in this Court's ruling, Defendant Ahmed Ali Nagi's Motion to

Sever [Doc. No. 98] is DENIED.

MONROE, LOUISIANA, this 19th day of June, 2007.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE